**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ALICE ELLIS, INDIVIDUALLY**                                                          **PLAINTIFF**
**AND ON BEHALF OF MAY &**
**COMPANY, LLP**

**V.**                                                                     **CASE NO. 3:14-MC-00521-CWR-LRA**

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's motion to quash the summons issued by the

United States. Docket No. 1. The United States responded by filing a motion to dismiss the

petition and a motion to enforce the summons. Docket No. 3. Plaintiffs' motion to quash the

summons is denied. The United States' motions are both granted.

**I.    Factual and Procedural History**

On June 23, 2014, the Internal Revenue Service (IRS) issued a summons to plaintiff,

Alice Ellis, May & Company, LLP. The summons required Ellis to appear before Special Agent

Thessaiol Ivory II, on July 17, 2014 to testify and produce documents concerning Johnny Earl

McCool, Jr. and his related companies (collectively, "McCool"). On the same day the summons

was issued, Agent Ivory sent notice of the summons to McCool by certified mail at his last

known address. The notice was returned to Agent Ivory by the United States Postal Service as

"Unclaimed." In addition, Agent Ivory also sent notice of the summons to James G. McGee, Jr.,

who was listed as McCool's attorney with the IRS.[1]

Plaintiff filed the petition to quash the summons on July 3, 2014. However, plaintiff's

counsel produced some of the requested documents along with a cover letter listing the specific

---

[1] Mr. McGee is also counsel for plaintiff in this action.

documents on July 10, 2014. Also on July 10, plaintiff's counsel sent a separate letter to Agent Ivory stating that his law firm would be asserting the attorney-client privilege on all matters related to McCool. On August 4, 2014, Agent Ivory was served with a copy of plaintiffs' petition to quash the summons. Between July 10 and August 4, Agent Ivory reviewed the records he received, but did not further review them after receiving the petition to quash the summons. To date, plaintiff has not provided any documentation that she has provided all of the relevant non-privileged documents, excluding those for which she claims a privilege exists. Plaintiff did not appear to testify on July 17, 2014 and had not appeared by October 2, 2014 when Agent Ivory executed his declaration. Plaintiff's petition alleges that during the entire time period referenced in the summons, the Law Offices of James G. McGee, which represents McCool, retained plaintiff and May & Company to assist in the representation of McCool. On October 3, 2014, in response to plaintiff's motion, the United States filed a motion to dismiss the petition to quash the summons and to enforce the summons.

## II.    Discussion

### A.  Plaintiff's Motion to Quash

#### 1.  Substantive Law

Congress provided broad summons power to the IRS to ensure the agency could properly fulfill its investigative duties. Pursuant to 26 U.S.C. § 7602(a), the IRS has the authority to summon

> any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act…to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath as may be relevant or material to such inquiry[.]

The Supreme Court has consistently upheld the IRS' summons authority where it is "necessary for the effective performance of congressionally imposed responsibilities to enforce the tax code," unless there is "express statutory prohibition or substantial countervailing policies." *United States v. Euge*, 444 U.S. 707, 711 (1980).

Further, it is well-established that the United States cannot be named in a lawsuit unless It has waived sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Moreover, the waiver of sovereign immunity "cannot be implied, but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 3 (1969). Congress conferred limited jurisdiction to federal district courts to hear actions related to the validity and enforcement of IRS summons. For all IRS summonses, district courts have jurisdiction to hear the United States' motion to enforce, and if appropriate, take necessary action to enforce the summons. *See* 26 U.S.C. §§ 7402(b) and 7604(a). When determining if the United States has waived sovereign immunity, courts must interpret the statutory language in a manner that does not extend the waiver further than the congressional intent. *King*, 395 U.S. at 4. Specifically, a petition to quash an IRS summons is a suit against the United States and requires a waiver of sovereign immunity. *Taylor v. United States*, 292 Fed. App'x 383, 384–5 (5th Cir. 2008).

Pursuant to 26 U.S.C. § 7609(b), Congress waived the United States' immunity from suit to permit challenges to third-party summonses in some instances. A taxpayer who is entitled to notice can initiate an action to quash a summons and intervene in a proceeding. *Id.* Additionally, the summoned person can intervene in an action to quash the summons. *Id.* § 7609(b)(2)(C). However, Congress included exceptions to the procedures and waiver of sovereign immunity granted by this section to any summons, "(i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the

3

administration or enforcement of the internal revenue laws; and (ii) served on any person who is not a third-party recordkeeper (as defined in section 7603(b)).”  *Id.* § 7609(c)(2)(E).

### 2.  Analysis

The determination of whether this Court has jurisdiction to hear the petition to quash the summons depends on whether the United States has waived sovereign immunity. To resolve the jurisdictional issue, the Court looks at whether the Internal Revenue Code provided plaintiff, a summoned party, with the right to bring a motion to quash the summons.

The United States raises a question regarding the applicability of the procedures in 26 U.S.C. § 7609 because Ellis is not a third-party recordkeeper. Plaintiff does not respond to this argument in her response brief. However, after considering the United States’ argument and reviewing the statute, the Court finds the determination of whether Ellis is a third-party recordkeeper immaterial because only the taxpayer can initiate an action to quash a summons.

Ignoring the importance of her status, plaintiff focuses her argument solely on the time limitations to bring an action to quash a summons. Plaintiff’s brief seems to concede she is not the appropriate party to bring this action when she writes, “. . . the United States has consented to be sued in regard to a third-party recordkeeper summons only if a petition to quash summons is filed by the **taxpayer** within twenty days [sic] (20) after notice of the summons has been mailed to him.” Docket No. 6, at 3 (emphasis added). Further, plaintiff cites to *Clay v. United States,* 199 F.3d 876 (6th Cir. 1999), a Sixth Circuit case in support this contention, that was filed by the taxpayer who was being investigated, not a summoned party.

Plaintiff does not point to any authority where a summoned party, and not the taxpayer who was the subject of the IRS investigation, successfully quashed an IRS summons.[2] In contrast, the United States cites cases from other districts where courts explicitly rejected the argument that summoned parties can bring a pre-enforcement action to quash a summons. *See e.g. Gutierrez v. United States*, 1996 WL 751342 (E.D. Wash. 1996); *Foundation of Human Understanding v. United States*, 2001 WL 1386051 (D. Or. 2001). In one case, the court wrote, "It is well settled that the Internal Revenue Code does not authorize a summoned party to institute pre-enforcement court proceedings to quash an IRS summons and that federal district courts do not have jurisdiction to hear pre-enforcement challenges to IRS summonses." *Woodruff v. United States*, 2010 WL 2521401, *1 (D. Utah 2010). Because plaintiff was not a party entitled to notice, the United States has not waived sovereign immunity for her to challenge the summons. Therefore, this Court lacks subject matter to hear her petition to quash the summons and it is hereby dismissed.

### B.  United States' Motion to Enforce

#### 1.  *Substantive Law*

Next, the Court will consider the United States' motion to enforce the summons. In *United States v. Powell*, the Supreme Court outlined the elements of a prima facie case for summons enforcement. 379 U.S. 48 (1964). The United States must demonstrate that (1) the summons was issued for a legitimate purpose; (2) the information requested is relevant for that

---

[2] Although statutory time constraints are important, Congress did not provide carte blanche authority for any person to bring an action to quash a summons. The statute is unequivocally clear as to who can initiate an action quash a summons. It states, "…any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons…" 26 U.S.C. § 7609(b)(2)(A). If Congress intended to provide a mechanism for a summoned party to initiate a petition quash a summons, it would have provided express statutory language. *See King*, 395 U.S. at 4–5. Instead, the language is very specific, giving a person entitled to notice of the summons a right to initiate an action to quash a summons and a summoned party only the right to intervene in a proceeding. 26 U.S.C. § 7609(2).

purpose; (3) the IRS is not in possession of the requested information; and (4) the IRS followed the administrative steps required by the Internal Revenue Code. *Id.* at 57–58. Also, the United States must show that there is not a "Justice Department referral in effect with respect to such person." 26 U.S.C. § 7602(d). In *Powell*, the Supreme Court rejected any requirement that the IRS must demonstrate probable cause before a court can enforce a summons. 379 U.S. at 57. "The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons." *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) (citation omitted).

Once the United States has demonstrated a prima facie case, the burden shifts to the other party to "refute one of the *Powell* factors. . .or to show that enforcement in the district court would amount to an 'abuse' of the judicial process." *Id.* at 230–231. In order to demonstrate an abuse of process, "a taxpayer must produce evidence of bad faith or egregious misconduct on the part of the government." *United States v. Pitts*, No. 3-08-cv-0345, 2008 WL 1710904, at *1, *2 (N.D. Tex. Apr. 11, 2008) (citation omitted). This burden is a heavy one because courts are hesitant to interfere with the broad summons authority of the IRS. *Id.* To meet this burden, the taxpayer must put forth specific evidence that support the allegations against the United States. *Mazurek*, 271 F.3d at 231. In an enforcement proceeding, the taxpayer can raise any appropriate defenses. *Powell*, 379 U.S. at 58. Among the available defenses, the taxpayer can assert the attorney-client privilege and work-product-doctrine as defenses to producing documents to the IRS. *United States v. El Paso Co.*, 682 F.2d 530, 533 (5th Cir. 1982).

### 2.  *United States' Prima Facie Case under Powell*

The United States sets forth its prima face case under *Powell*. Plaintiff does not rebut any of the *Powell* factors; however, out of an abundance of caution, the Court will address each of

the factors in turn. First, the United States must show that the summons was issued for a legitimate purpose. The IRS can issue a summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." 26 U.S.C. § 7602(a). In Agent Ivory's declaration, he states, "[t]he current focus of my investigation is determining whether McCool and/or Related Companies violated 26 U.S.C. § 7202 by willfully failing to collect, account for, and pay over any tax. . ." Docket No. 5 ¶ 3.

The summons requested documents related to financial transactions involving McCool. Docket No. 5, at 6. This information aligns with the authority of the IRS to investigate possible violations of the Internal Revenue Code. Plaintiff offers no argument to rebut the United States' contention that the summons was for a legitimate purpose. Based on 26 U.S.C. § 7602 and Agent Ivory's declaration, the Court agrees that the summons was issued for a legitimate purpose.

The second element requires the government to demonstrate the relevancy of the requested information. Congress intended the relevance inquiry to be broad and not based on what may be admissible in court. In fact, the statute provides the authority for the IRS to information and take testimony that "may be relevant." 26 U.S.C. § 7602(2),(3).

Here, the IRS sought information to determine if any of the amounts paid by McCool were subject to federal withholding tax and if that tax was in fact withheld and paid to the IRS appropriately. Agent Ivory conducted an investigation to ascertain if McCool "committed any criminal violations of the Internal Revenue Code with regard to some or all of the tax years 2009, 2010, 2011, 2012, and 2013 or quarterly portions thereof." Docket No. 5 ¶ 3. Plaintiff was listed as the tax preparer on multiple federal tax forms related to unemployment insurance and

quarterly employment taxes. As such, it would follow she would have documents and information that would be relevant to the IRS investigation. Again, plaintiff offers no argument to refute the United States' assertion that the requested information was relevant. Thus, the Court finds this factor is satisfied.

Next, the United States must demonstrate that it is not already in possession of the information. The Law Office of James McGee, which represents both plaintiff and McCool, produced copies of some requested documents on July 10, 2014. However, on July 10, Mr. McGee also sent Agent Ivory a letter indicating that his firm would be asserting attorney-client privilege "on all matters pertaining to Mr. and Mrs. McCool and their entities with regard to the May & Co. issue. . ." Docket No. 5, at 33. Plaintiff, May & Company, nor their counsel has provided any information as to whether all non-privileged documents have been produced. Agent Ivory's declaration coupled with plaintiff's contention that the documents have been rightfully withheld pursuant to applicable privileges makes it clear that IRS is not currently in possession of all of the requested information. Therefore, this factor is satisfied.

The last element of the prima facie case requires the government to establish it followed the appropriate administrative procedures in issuing and serving the summons. The summons in this matter is a third-party summons and the relevant procedures are governed by 26 U.S.C. § 7609. Based on Agent Ivory's determination that May & Company, LLP was a third-party recordkeeper as defined in 26 U.S.C. § 7603(b), he followed the notice provisions of the statute.[3] Agent Ivory served an attested copy of the summons on May and Company, LLP through Alice Ellis by certified mail. Attached to the summons was a Notice and Recordkeeper Certificate that included an explanation of the right to quash the summons as required by 26 U.S.C. §

---

[3] However, plaintiff, who is not an accountant within the meaning of the statute, does not qualify as a third-party recordkeeper and the summons, as it relates to her, is not subject to the procedures in Section 7609, because of the exception listed in 26 U.S.C. 7609(c)(2)(E).

7609(a)(1). Agent Ivory gave notice of the summons to McCool by certified mail, as required by 26 U.S.C. § 7609. The notice was returned as "Unclaimed," which Agent Ivory asserts is different from if it had been labeled "Not Deliverable as Addressed." Docket No. 5 ¶ 7. Further, even though not required, Agent Ivory also provided notice of the summons to James G. McGee, attorney for McCool. The IRS has not made any criminal referrals to the Department of Justice concerning McCool. Plaintiff does not argue that the IRS failed to follow the required administrative procedures. Accordingly, this Court finds the fourth element is met.

**C.** *Plaintiff's Defenses to Enforcement of IRS Summons*

Plaintiff does not refute any of the *Powell* factors presented by the United States. Instead, plaintiff asserts that the requested information is protected by the attorney-client privilege and the work-product doctrine.

**1. Attorney-Client Privilege**

*a. Substantive Law*

The attorney-client privilege is the oldest of the common law privileges concerning confidential communications. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* The privilege typically only protects communications between the attorney and client; communications between an accountant and client are not privileged. *United States v. Arthur Young & Co.,* 465 U.S. 805, 817 (1984). Privileges pertaining to documents can be asserted in an IRS enforcement proceeding, "[b]ut privilege is not a defense to enforcement of a summons to testify; such claims are tested by refusing to answer specific questions after enforcement and

defending the subsequent contempt proceeding." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981).

However, in limited instances, courts have extended the attorney-client privilege to include communications with non-attorneys when the reason for the communication was to aid the attorney in providing legal advice to the client. *United States v. Adlman*, 68 F.3d 1495 (2d. Cir. 1995). For example, the Second Circuit once extended the privilege to an accountant who was retained by the attorney to help the attorney understand the client's financial information. *United States v. Kovel*, 296 F.2d 918, 922 (2d. Cir. 1961). There, the court stated, "[w]hat is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice, but only accounting service . . .or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." *Id.* The Fifth Circuit cited this standard in its decision in *United States v. El Paso Co.*, 682 F.2d at 541. Further, the preparation of tax returns does not constitute legal advice within the applicability of the privilege. *Davis*, 636 F.2d at 1043. And, "the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents." *El Paso Co.*, 682 F.2d at 539. The party seeking to assert the privilege must allege its applicability with specificity as to each document. *Id.* Also, it is well-established that the "disclosure of any significant portion of a confidential communication waives the privilege as to the whole." *Davis*, 636 F.2d at 1043 n.18.

The Federal Rules of Civil Procedure require a party claiming a privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(a). Moreover, this District's Local Rules require a party withholding privileged information to

produce a privilege log that at a minimum includes the name of the document, description of the document, requisite element of the claimed privilege, date, authors, and nature of the privilege. L. U. Civ. R. 26(a)(1)(C). The Local Rule further states, "[t]o withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 and may be viewed as a waiver of the privilege or protection." *Id.*

### b. Analysis

As noted above, the Fifth Circuit does not recognize the attorney-client privilege as a defense to testifying. Agent Ivory stated that plaintiff has not appeared before him to testify nor offered any explanation as to her failure to comply with that aspect of the summons. Thus, Ms. Ellis has no defense to her failure to appear and testify as required by the summons.

As for the documents, it is plaintiff's burden to establish the privilege applies to the documents requested in the IRS summons. Plaintiff filed her petition to quash the summons asserting the attorney-client privilege on July 3, 2014. In a letter sent to Agent Ivory a week later, plaintiff's counsel wrote, "our firm will be asserting our privilege on all matters pertaining to Mr. and Mrs. McCool and their entities with regard to the May & Co., issues based on our ongoing relationship and verbal contracts."[4] Also on July 10, by separate correspondence, plaintiff's counsel sent a letter to Agent Ivory listing documents that had been produced based on the summons. In plaintiff's briefing, she references the letter asserting the privilege, but makes no mention of the other letter listing documents that had been produced subsequent to the filing of the petition to quash. It is unclear from plaintiff's briefing if she is attempting to assert the attorney-client privilege to the documents that were produced on July 10. If so, any possible privilege that may have applied to those documents has been waived.

---

[4] Plaintiff states that the letter asserting the privilege was sent on July 14, 2014, but the letter is dated July 10, 2014. *See* Docket No. 5 at 33.

For the documents that have been withheld, it bears repeating that courts require a specific assertion of the particular documents that fall within the scope of the attorney-client privilege. *El Paso Co.,* 682 F.2d at 539. In this case, plaintiff does not assert the privilege with respect to certain documents. Instead, plaintiff makes general statements such as, "Petitioners aver that the documents and things requested by the Summons are protected under the Attorney-Client Privilege[.]" Docket No. 6, at 4. The only further factual basis provided is:

> At all times relevant, Alice Ellis is/was in the employ of May & Company, LLP, a Certified Public Accounting Firm, located in Vicksburg, Warren County, Mississippi. Also, Petitioners' [sic] aver that at all times relevant hereto, the Law Offices of James G. McGee, Jr. PLLC, in its capacity as Attorney for Johnny Earl McCool, Sr. retained the services of Alice Ellis and May & Company to assist the Law Firm of James G. McGee, Jr., in the rendition of professional legal services on behalf of Johnny Earl McCool, Sr.

*Id.* at 5.

Although the plaintiff cites to *Kovel and El Paso Co.*, she fails to assert the privileges with respect to specific documents, and instead makes the very type of "blanket assertion" the court cautioned against in *Davis,* 636 F.2d at 1044 n.20, and rejected in *El Paso Co.*, 682 F. 2d at 541. "Such assertions disable the court and the adversary party from testing the merits of the claim of privilege." 682 F. 2d at 541. The critical piece in determining the applicability of the privilege hinges on whether the communication was made to seek legal advice, or simply to seek accounting services. *Kovel,* 296 F.2d at 922.

From the information before this Court, the summons was directed to plaintiff because she was listed as the tax preparer on numerous federal tax forms. Thus, it appears she was acting in an accounting capacity and not directly assisting McCool's counsel in providing legal services to McCool. Plaintiff's blanket assertion of the attorney-client privilege makes it impossible for this Court to determine if all or any of the requested documents fall within the privilege. It was

plaintiff's responsibility to make specific assertions concerning particular documents and provide some justification as to why the attorney-client privilege applies. In violation of Local Rule 26(a)(1) and the FRCP 26(b)(5), plaintiff did not provide the government or this Court with any type of privilege log with references to specific documents. Further, although, plaintiff waived any privilege to the documents that have been produced, she has not provided any information to the government as to whether that production included all non-privileged documents or what remaining documents were withheld.

Plaintiff relies on her assertion that she and her employer were retained to assist the Law Offices of James G. McGee in the "rendition of professional legal services" for McCool to satisfy the *Kovel* standard. However, the critical piece of the analysis is whether the client communicated in confidence for the purpose of seeking legal advice. *Kovel*, 296 F.2d at 922. Here, based on the evidence before the Court, plaintiff merely assisted with the preparation of McCool's taxes. Tax preparation is generally not viewed as within the purview of the attorney-client privilege. *Davis*, 636 F.2d at 1043. There are no facts in the record that support plaintiff's assertion that communications with plaintiff were to assist in McCool's legal representation. Plaintiff's failure to demonstrate how her communications were primarily legal in nature and make any specific assertions regarding the allegedly privileged documents is fatal; therefore, this Court finds the attorney-client privilege does not apply to the requested documents.

### 2.  Work-Product Doctrine

#### a.  *Substantive Law*

Next, the Court examines the plaintiff's assertion that the work-product doctrine shields her from producing the documents. The work-product doctrine is intended to protect an attorney's notes, mental impressions, and thoughts. *See El Paso Co.*, 682 F.2d at 542. It "is not

an umbrella that shades all materials prepared by a lawyer, however. The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation." *Id.* Pursuant to Federal Rule of Civil Procedure 26(b)(3), the work-product doctrine protects the disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."

### b. Analysis

As before, plaintiff bears the burden of establishing the applicability of the work-product doctrine. Because it applies only to tangible things or documents, the assertion of the doctrine cannot apply to the extent plaintiff was summoned to appear and testify before Agent Ivory. Therefore, plaintiff must appear to testify before Agent Ivory.

Concerning the documents, plaintiff's conclusory statements that the documents are covered by the work-product doctrine fall woefully short of meeting her burden. Plaintiff does not offer any basis for why specific documents such as bank statements, canceled checks, deposit tickets, work-papers, and tax returns fall within the scope of the privilege. The Court is left to conclude that she believes all of the sought information is shielded from disclosure. To qualify for the privilege, the documents must be created in anticipation of litigation. The general financial documents listed in the summons reflect documents created in the normal course of business without any obvious nexus to anticipated litigation. Again, plaintiff has not produced the required privilege log to allow the Court to assess whether they are protected by the privilege. As such, this Court finds that the work-product doctrine does not apply.

### III. Conclusion

Plaintiff's petition to quash the summons is denied based on a lack of subject matter jurisdiction. The United States motion to enforce the summons is granted. It is therefore ordered

that plaintiff, Alice Ellis, present herself to Thessaiol Ivory II, Special Agent for the Internal Revenue Service, on November 30, 2015 at 9:00 a.m. at 100 W. Capitol Street, Jackson, Mississippi 39269, (or at a time and place agreed to by counsel for the parties) for the purpose of testifying and producing requested documents to comply with the Internal Revenue Service Summons. If Ms. Ellis fails to appear or otherwise comply with this Order, and upon notice to the Court by the United States of her failure to comply, a bench warrant may be issued by the Court.

**SO ORDERED**, this the 16th day of November, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE